## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION

JOHN HARTWELL COCKE, as )
Executor of the Estate of )
William Byron Cocke, Deceased, )
and as Executor of the Estate )
of Catherine Crichton Cocke, )
Deceased; WILLIAM MARSTON )
BECKER, as Conservator of )
W.R.C., a minor, as Conservator )
of E.C.C., a minor, as )
Conservator of J.S.C., a minor, )
as Conservator of C.E.C., a )
minor, as Conservator of )
P.S.G.C., a minor; and JOHN )
HARTWELL COCKE and VIRGINIA )
FRANCES COCKE, as Guardians of )
W.R.C., a minor, as Guardians )
of E.C.C., a minor, as )
Guardians of J.S.C., a minor, )
as Guardians of C.E.C., a )
minor, and Guardians of )
P.S.G.C., a minor; )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV419-169
 )
UNITED STATES OF AMERICA; )
AVIATION DEVELOPMENT GROUP, )
LLC; THOMAS HUFF; and KRISTEN )
HUNTER, as Personal )
Representative of the Estate of )
Randall Hunter, deceased; )
 )
    Defendants. )
 )

## **O R D E R**

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 179), to which objections (Doc. 184) have been filed. For the following reasons, the Court **ADOPTS** the

report and recommendation (Doc. 179) as the Court's opinion in this case.

## ANALYSIS

On April 26, 2021, Defendants Aviation Development Group ("ADG") and Thomas Huff filed a motion for leave to amend their answer to assert a crossclaim for indemnification against Defendant Kristen Hunter, as Personal Representative of the Estate of Randall Hunter, deceased (the "Hunter Estate"). (Doc. 156 at 1.) On referral from this Court, the Magistrate Judge recommended that the motion be denied. (Doc. 179 at 12-13.)

As the Magistrate Judge correctly observed, "a motion for leave to amend may be appropriately denied (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."[1] (Doc. 179 at 4 (citing In re Engle Cases, 767 F.3d 1082, 1108-1109 (11th Cir. 2014)). In the report and recommendation, the Magistrate Judge analyzed these factors against the record in this case, ultimately concluding that ADG and Huff had unduly

---

[1] This is the standard under Federal Rule of Civil Procedure 15(a)(2). The Magistrate Judge noted that the motion to amend might have been properly reviewed under Federal Rule of Civil Procedure 16. (Doc. 179 at 4 n.3.) Because there was ambiguity as to which rule applied, the Magistrate Judge evaluated ADG and Huff's motion under Rule 15(a), the more lenient standard. (Id.)

2

delayed asserting their crossclaim, that ADG and Huff were acting with a dilatory motive, and that the proposed amendment would prejudice the Hunter Estate. (Doc. 179 at 12-13.)

ADG and Huff, in objecting to the Magistrate Judge's report and recommendation, contend that the Magistrate Judge improperly found that ADG and Huff acted with undue delay in bringing their motion. (Doc. 184 at 2-6.) ADG and Huff also argue that the Magistrate Judge incorrectly found that they acted with a dilatory motive. (Id. at 6-7.) Finally, ADG and Huff argue that the Magistrate Judge incorrectly found that the Hunter Estate would be prejudiced if the amendment were allowed and that the Magistrate Judge gave insufficient weight to the prejudice ADG and Huff will experience if they are not permitted to assert the crossclaim. (Id. at 2-9). Having considered these objections, the Court agrees with the Magistrate Judge that ADG and Huff acted with undue delay and that allowing the late amendment would unduly prejudice the Hunter Estate.

First, ADG and Huff are incorrect in their assertion that the Magistrate Judge only pointed to "mere delay" in determining that the motion should be denied. (Doc. 184 at 3.) Instead, the report and recommendation appropriately acknowledges that "the mere passage of time, without more, is an insufficient reason to deny leave to amend" before analyzing whether ADG and Huff

3

unduly delayed bringing their motion. (Doc. 179 at 5) (quotations omitted).

As this Court has acknowledged, "a district court has discretion to deny leave to amend when the moving party offers no **adequate** explanation for a lengthy delay." Brinson v. Providence Comty. Corr., No. CV 215-99, 2018 WL 4059379, at *4 (S.D. Ga. Aug. 24, 2018) (emphasis added) (collecting cases). The Magistrate Judge highlighted that ADG and Huff waited over 15 months before seeking leave to add a claim for indemnification against the Hunter Estate. (Doc. 179 at 5-6.) ADG and Huff failed to provide any explanation for their over 15-month delay in their initial motion seeking leave to amend their Answer. (Doc. 156.) In later filings, ADG and Huff's primary argument for why the delay is justified is that the Hunter Estate only recently admitted that Randall Hunter was an agent of ADG and Huff. (Doc. 171 at 6-7; Doc. 184 at 3-4.) ADG and Huff argue that, until the Hunter Estate admitted to an agency relationship, "it was sound strategy . . . to not assert a claim for indemnification sooner when no other party was providing support for Plaintiffs' allegations." (Doc. 184 at 4.)

The Magistrate Judge properly considered this explanation and determined that it was not adequate. (Doc. 179 at 6.) As recognized by the Magistrate Judge, the grounds for the proposed crossclaim against the Hunter Estate have existed from the

4

beginning of this case, whether Hunter Estate admitted to Randall Hunter having an agency relationship with ADG and Huff or not. (Id. at 6-8.) Indeed, as ADG and Huff readily concede in their objection, "Plaintiffs' original complaint gave Defendants ADG and Huff grounds to seek a crossclaim for indemnification." (Doc. 184 at 4.)

Further, although not noted in the report and recommendation, the Hunter Estate did not admit to an agency relationship for the first time on April 23, 2021, as ADG and Huff contend. On October 15, 2019, in response to Plaintiffs' first amended complaint, the Hunter Estate admitted that Randall Hunter was an "agent, servant, employee and/or representative of the defendants ADG and/or Huff, and was operating the accident aircraft in furtherance of the business interests of ADG and/or Huff . . . ." (Doc. 25 at ¶ 16; Doc. 60 at ¶ 16.) Accordingly, ADG and Huff's argument that this information only recently came to light is either uninformed or made in bad faith. As a result, the Court finds ADG and Huff's undue delay lacks an adequate explanation and is grounds for denying the motion to amend. See Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004) (affirming the denial of leave to amend where the moving party offered no explanation for why she could not have included the proposed amended pleadings in her original complaint or her first amended complaint); Campbell v. Emory Clinic, 166 F.3d

5

1157, 1162 (11th Cir. 1999) (affirming denial where "[t]he facts upon which the claims . . . were based were available at the time the complaints were filed").

Moreover, the Magistrate Judge's recommendation of denial of leave to amend is not solely premised on delay. The Magistrate Judge also found that allowing the proposed amendment would unduly prejudice the Hunter Estate. (Doc. 179 at 12.) ADG and Huff argue that the Magistrate Judge improperly weighed the Hunter Estate's settlement when considering prejudice, since ADG and Huff's motion to amend predated the Plaintiffs and the Hunter Estate's Motion for Settlement. (Doc. 184 at 7-8.) ADG and Huff also contend that, because the Hunter Estate remains a plaintiff in a related case Hunter v. United States, No. CV419-174 (S.D. Ga.), which has been consolidated with this case for discovery, it will not be significantly prejudiced by having to defend a crossclaim in this action. (Id. at 8.)

The Hunter Estate, as a defendant in this case, has settled Plaintiffs' claims against it, and the Court has approved that settlement. (Doc. 164.) The Hunter Estate negotiated the settlement without the knowledge of a potential crossclaim against it by ADG and Huff because, by their own admission, ADG and Huff decided to delay asserting the crossclaim for strategic reasons. (Doc. 184 at 4.) Now that the Hunter Estate has settled Plaintiffs' claims against it, ADG and Huff seek to prevent

6

their co-defendant's exit from this litigation. Such a maneuver would certainly prejudice the Hunter Estate, which would otherwise have its interests in this litigation resolved. Although the Hunter Estate continues to prosecute its claims against the Government in a related action, this Court has already acknowledged the significant difference between the roles Hunter Estate assumes as a plaintiff and as a defendant. (Doc. 143 at 9-10.) Additionally, the discovery required to defend against an indemnification claim is likely unrelated from the discovery already conducted in the Hunter Estate's negligence action against the Government. See Allapattah Servs., Inc. v. Exxon Corp., 61 F. Supp. 2d 1326, 1334 (S.D. Fla. 1999) (finding prejudice because "amendment would require additional discovery to test the sufficiency of the claim and to prepare a defense thereto").

The Court's decision does not prohibit ADG and Huff from seeking indemnification from the Hunter Estate if they are ultimately found vicariously liable in this action. They simply must do so in another action. As a result, the Court agrees with the Magistrate Judge's determination that the potential prejudice to ADG and Huff is not sufficient to permit them, after inexcusable delay, to assert a crossclaim against a now-settled party. Accordingly, after a careful de novo review of the record, the report and recommendation (Doc. 179) is **ADOPTED**

7

as the Court's opinion in this case. As a result, ADG and Huff's motion to amend (Doc. 156) is **DENIED**.

SO ORDERED this 27th day of July 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA