## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN HARTWELL COCKE, as | ) | |
| Executor of the Estate of | ) | |
| WILLIAM BYRON COCKE, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-169 |
| | ) | |
| UNITED STATES | ) | |
| OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

The Cocke Plaintiffs have filed a Motion to Seal Pursuant to Local Rule 79.7.  Doc. 274.[1]  No party opposes the Motion.  *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5 ("Failure to respond within [14 days] shall indicate that there is no opposition to a motion.").  The Cocke Plaintiffs seek leave to file a Privacy Act Motion under seal, in which they seek disclosure of "certain non-privileged documentation concerning the air

---

[1]  This case has been consolidated with *Hunter v. United States*, CV419-174, for purposes of discovery only.  *See* doc. 143.  Although the Cocke Plaintiffs' Motion is captioned for both cases, it does not appear that they seek any relief related to the *Hunter* case.  Therefore, the Motion and this Order only appear on the docket in the *Cocke* case.  If any party disagrees with the Court's assessment, they are **DIRECTED** to file a motion requesting that the Court docket the Motion and Order in the *Hunter* case within 14 days.

traffic controller who was in communication with the accident aircraft throughout the emergency and crash." Doc. 274 at 1-2. They represent that the Privacy Act Motion seeks information that "likely contains non-privileged sensitive personal and medical information" of a non-party, and that "unfettered public access to the information could (and likely will) cause harm or embarrassment to the legitimate privacy interests of the individual who is the subject of the requested records." *Id.* at 3.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records

and documents.")).  "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245.  The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted).  The Cocke Plaintiffs' anticipated Privacy Act Motion is a "judicial record" presumed to be open to the public.

A party can overcome the common-law right of access by a showing of good cause.  *Callahan*, 17 F.4th at 1363.  A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309).  In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and

likelihood of injury if made public, the reliability of the
information, whether there will be an opportunity to respond
to the information, whether the information concerns public
officials or public concerns, and the availability of a less
onerous alternative to sealing the documents. Concerns about
trade secrets or other proprietary information, for example,
can overcome the public interest in access to judicial
documents. Indeed, a court should consider whether the
records are sought for such illegitimate purposes as to
promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations
omitted). The decision of whether good cause exists rests with the sound
discretion of the district court judge, is based on the "nature and
character of the information in question," and "should be informed by a
sensitive appreciation of the circumstances that led to the production of
the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311
(quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and
alterations omitted), 1315.

Here, the Cocke Plaintiffs represent that the contemplated Privacy
Act Motion "details specific medical treatment and financial benefits
sought and obtained by the Air Traffic Controller" related to alleged
mental injury, the public disclosure of which could result in harm to the
non-party. Doc. 274 at 5-6. They have demonstrated the requisite good
cause to permit them to file the Privacy Act Motion under seal.

Therefore, the Cocke Plaintiffs' Motion to Seal is **GRANTED**.  Doc. 274.

Although the Cocke Plaintiffs have previously supplied the undersigned

with a courtesy copy of the proposed Privacy Act Motion, they are

**DIRECTED** to file the said Motion, along with all supporting exhibits,

under seal, within seven (7) days of date of entry of this order and the

Clerk is **DIRECTED** to maintain it under seal until further Order of this

Court.

    **SO ORDERED**, this 14th day of October, 2022.


_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA